UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

IN RE:  Case No. 13-57292-wsd
 Chapter 11
PELHAM HOLDINGS, LLC,  Hon. Walter Shapero

      Debtor.
_____/

### PRELIMINARY OPINION IN CONNECTION WITH UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT THE CASE AND DEBTOR'S MOTION TO ASSUME EXECUTORY CONTRACT

Debtor is the land contract vendee from Outer Drive Properties, LLC of property, the primary use of which at the moment is for a gasoline station and associated activities. Debtor had leased the property to another entity which filed its own bankruptcy proceeding, out of which the interest of that other entity was sold or transferred to a third party who was then in possession of the property when Debtor filed this Chapter 11 case. Debtor unsuccessfully moved this Court for turnover of possession of the property by that third party to Debtor. Previously, this Court entered an order requiring Debtor to assume or reject the land contract within a specified time after the Court rendered its decision on the turnover motion. Debtor timely filed a motion to assume the land contract, which, together with a U.S. Trustee's Motion to Convert or Dismiss were set for hearing on March 13, 2014. The bases for the latter motion are (a) failures to comply with operating report filings and quarterly fee payments; (b) Debtor's failed attempt to obtain turnover of the property; and (c) serious questions about whether the Debtor would be able to propose a confirmable Chapter 11 plan.

At the hearing, (a) Debtor announced that a recent state court decision granted Debtor possession of the property (or a right to possession) from the third party; (b) it was stated that

Debtor had satisfied the concerns of the U.S. Trustee as to the report filings and fee payments; and (c) Debtor stated it wished or did not contest dismissal, but opposed conversion of the case to Chapter 7. Dismissal was opposed by Outer Drive Properties, LLC, essentially on the basis that such would return the matter back to the state court for renewal and continuation of what it characterizes as Debtor's continued meritless litigation designed to postpone its ability to recover the property. The hearing focused almost exclusively on the issue of whether conversion or dismissal was more appropriate (the U.S. Trustee essentially deferring to the other parties on that issue). The argument for conversion is that it is in the best interest of creditors that a Chapter 7 trustee assess the situation, value Debtor's property interests, and assess whether there was value realizable for the payment of creditors (the creditors as shown on the schedules, other than Outer Drive Properties LLC and a disputed claim of an unknown amount, totaling some $31,210.97).

What was not sufficiently dealt with at the hearing, and what the Court on further reflection thinks should be, are the grounds in the motion relating to whether or not Debtor can confirm a plan. Debtor apparently now has possession (or a right to possession) of the property, which it did not have when the U.S. Trustee's motion was filed, and there is pending Debtor's motion to assume the land contract – two important and positive facts relevant to possibly pursuing confirmation of a plan. What needs to be explored in more depth is first, whether in light of the changed facts the U.S. Trustee still wishes to pursue its motion to dismiss or convert; and second, and if so, whether Debtor either (a) wants to pursue plan confirmation, and if so, whether it is feasible that it could; or (b) as might be indicated by the position the Debtor took at the hearing, it wishes that the case be dismissed and does not wish to pursue its own pending motion to assume the land contract, regardless of whether or not it could confirm a plan. If the U.S. Trustee decides it will no longer pursue its motion (in which case, it will either be

withdrawn or denied) and, if the Debtor decides it does not want to pursue its Chapter 11 case and its assumption motion, then the proper and more appropriate procedure to deal with that situation is for Debtor to, if it wishes to do so, file its own motion to dismiss and the issues involved in such, if it is opposed, will be joined and better disposed of in that context.

Accordingly, the hearing on the U.S. Trustee's Motion to Dismiss or Convert and Debtor's Motion to Assume Executory Contract will be continued on <u>March 27, 2014 at 11:00am</u>.

**Signed on March 17, 2014**

                                        **/s/ Walter Shapero**
                                        **Walter Shapero**
                                        **United States Bankruptcy Judge**